UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. : 3:08cv-429-S

*Electronically Filed*

NANCY SIEGEL                                                           PLAINTIFF
10034 Hwy. 690
Garfield, KY 40140

v.                                                                     **JURY DEMAND**

FISHER & PAYKEL APPLIANCES HOLDINGS LTD.                               DEFENDANTS
5900 Skylab Road
Huntington Beach, CA 92647

    **SERVE:**    Corporate Secretary
                   Fisher & Paykel Appliances Holdings Ltd.
                   5900 Skylab Road
                   Huntington Beach, CA  92647

    **THRU:**    Office of the Secretary of State
                   Summonses Branch
                   700 Capital Avenue, Suite 86
                   Frankfort, KY  40601

DYNAMIC COOKING SYSTEMS, INC.
5900 Skylab Road
Huntington Beach, CA  92647

    **SERVE:**    Corporate Secretary
                   Fisher & Paykel Appliances Holdings Ltd.
                   5900 Skylab Road
                   Huntington Beach, CA  92647

    **THRU:**    Office of the Secretary of State
                   Summonses Branch
                 700 Capital Avenue, Suite 86
                 Frankfort, KY  40601

**COMPLAINT**

     COMES the Plaintiff, Nancy Siegel, by counsel, and for her claims against said Defendants states as follows:

## PARTIES and JURSIDICTION

1. Plaintiff Nancy Siegel is and has been at all relevant times, a resident of Garfield, Breckinridge County, Kentucky.

2. Defendant Fisher & Paykel Appliances Holdings Limited ("F&P") is a California corporation with its principal place of business in Huntington Beach, California.

3. Defendant Dynamic Cooking Systems, Inc. ("DCS") is a California corporation with its principal place of business in Huntington Beach, California.

4. Defendants F&P and DCS are corporations or other business entities and/or successors in interest to or controlling parents of corporations and/or business entities which have been and/or are engaged in the manufacturing, producing, selling, distributing and/or otherwise placing in the stream of commerce, *inter alia* kitchen range and gas cook top oven/appliances products.

5. Defendants have systematically and continuously transacted business in the Commonwealth of Kentucky, either themselves or through their controlled subsidiaries, and supplied their products in this state. Moreover, this court has specific personal jurisdiction over these Defendants by virtue of Plaintiff's use of these Defendants' defective and unreasonably dangerous kitchen appliance product in the State of Kentucky.

6. There is complete diversity of citizenship between Plaintiff and Defendant. The amount in controversy exceeds $75,000.00 exclusive of costs, interest and disbursements. Jurisdiction is based upon diversity of citizenship and amount in controversy.

7. This Court has original jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1332. Venue is appropriate in this District under 28 U.S. C. Section 1391 (a) and (c). This Court has specific personal jurisdiction over the Defendants by virtue of Plaintiff's exposure to the Defendant's defective, unreasonably dangerous and ultra hazardous products in the State of Kentucky.

## FACTS

8. On or about February 18, 2008, Nancy Siegel was a guest/resident of Alfred Warren at his residence located at 10034 Highway 690 in Garfield, Kentucky. This residence was equipped with a DCS thirty-inch 5-burner stove with an oven (hereinafter collectively referred to as the "Product"). On this date, Plaintiff attempted to warm a can of corn by igniting one of the Product's burners. Hearing a strange sound coming from the oven, Plaintiff opened the oven door to investigate the cause of the sound. Seconds later, the oven exploded, propelling Plaintiff to the other side of the kitchen and causing her to sustain severe burns on numerous parts of her body.

9. The Defendants knew that the Plaintiff and other consumers would be utilizing the Product in Defendant Warren's residence.

10. Defendants' Product was reached by the Plaintiff without any substantial change or alteration from its original form.

11. Defendants' Product was sold by the Defendants in a defective condition, unreasonably dangerous to the Plaintiff.

12. Defendants failed to warn and/or inadequately warned of the dangerous and hazardous nature of its Product.

13. Defendants impliedly warranted that their Product was reasonably safe for its use and safe for its intended purposes.

14. Persons such as the Plaintiff did not know the nature and extent of the danger presented by the ordinary and foreseeable use of the Defendants' Product.

## CLAIMS FOR RELIEF

### COUNT I
### (Strict Liability)

15. Plaintiff restates each allegation contained in Paragraphs 1 – 12 as though stated herein in full.

16. The aforesaid actions of Defendants F&P and DCS result in strict liability and tort for selling and placing into the stream of commerce Product(s) which reached the Plaintiff, the ultimate consumer, in a defective condition, unreasonably dangerous, without substantial change or alteration.

17. As a direct and proximate result of the wrongful conduct, failures and omissions of Defendants F&P and DCS, individually, jointly and severally, Plaintiff was caused to contract and suffer extremely painful, humiliating and debilitating injuries to her body, causing her pain, suffering, mental anguish and humiliation.

18. As a direct and proximate result of the aforesaid wrongful conduct of Defendants F&P and DCS, individually, jointly and severally, Plaintiff was obliged and continues to be obliged to spend various sums of money for the care and treatment of her injuries and has lost substantial wages as a result of her injury and her power to labor and earn money has been and will be impaired in the future.

### COUNT II
### (Negligence)

19. Plaintiff restates each and every allegation contained in Paragraphs 1-16 as though restated in full herein.

20. The aforesaid actions of all Defendants constitute negligence in that they failed to use reasonable and ordinary care under the circumstances, and this failure has been the proximate cause of the bodily harm suffered by the Plaintiff.

21. As a direct and proximate result of the negligent conduct, failures and omissions of all Defendants, individually, jointly and severally, Plaintiff was caused to contract and suffer extremely painful, humiliating and debilitating injuries to her body, causing her pain, suffering, mental anguish and humiliation.

22. As a direct and proximate result of the aforesaid negligence of all Defendants, individually, jointly and severally, Plaintiff was obliged and continues to be obliged to spend various sums of money for the care and treatment of her injuries and has lost substantial wages as a result of her injury and her power to labor and earn money has been and will be impaired in the future.

## COUNT III
### (Breach of Implied Warranty vs. F&P and DCS)

23. The Plaintiff restates each and every allegation contained in Paragraphs 1-20 above as though restated herein in full.

24. The aforesaid actions of Defendants F&P and DCS constitute a breach of the implied warranty of merchantability in that the Defendants sold the Product and impliedly warranted to the Plaintiff that their Product was reasonably fit for use and safe for its intended purposes, and in fact its Product was defective, dangerous, and unfit for use and unsafe for its intended purposes.

25. As a direct and proximate result of this breach of warranty, Plaintiff was caused to contract and suffer extremely painful, humiliating and debilitating injuries to her body, causing her pain, suffering, mental anguish and humiliation.

26. As a direct and proximate result of the aforesaid breach of warranty liability of Defendants F&P and DCS, individually, jointly and severally, Plaintiff was obliged and continues to be obliged to spend various sums of money for the care and treatment of her injuries and has lost substantial wages as a result of her injury and her power to labor and earn money has been and will be impaired in the future.

## COUNT IV
### (Punitive Damages)

27. Plaintiff restates and realleges each allegation contained in Paragraphs 1-24 as though restated herein in full.

28. Upon information and belief, the aforesaid actions of one or both of the Defendants constitute gross negligence making them liable to the Plaintiff for punitive damages.

WHEREFORE, Plaintiff Nancy Siegel demands judgment against the Defendants and each of them individually, jointly and severally, in an amount in excess of this court's minimal jurisdictional limit, for both compensatory and punitive damages; costs of this action; and all other relief to which she may appear entitled, including trial by jury of all issues so triable.

Respectfully submitted,

SALES TILLMAN WALLBAUM
CATLETT & SATTERLEY

_____
John R. Shelton
1900 Waterfront Plaza
325 W. Main Street
Louisville, KY 40202
Phone: (502) 589-5600
Fax: (502) 814-5500
*Counsel for Plaintiff*