# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

NANCY SIEGEL     PLAINTIFF

V.     NO. 3:08CV-429-JDM

FISHER & PAYKEL APPLIANCES HOLDINGS LTD., et al.     DEFENDANTS

## MEMORANDUM OPINION

One of the remaining defendants, Dynamic Cooking Systems, Inc., has moved to exclude Miranda Hewlett and David Riggs from testifying as expert witnesses in this matter (*see* docket no. 124). Having considered the motion and all responses thereto, and for the reasons stated below, the court will grant the motion in part.

## I.

This case arose because a range manufactured by Dynamic Cooking Systems leaked propane gas, causing an explosion while Ms. Siegel was using it. Kentucky Farm Bureau Insurance Company, insurer of the homeowner and an intervening plaintiff, hired Donan Engineering Co., Inc. to investigate the origin and cause of the explosion. Two of their employees, Miranda Hewlett (Senior Fire and Explosion Investigator) and David Riggs (Senior Forensic Engineer), who had participated to varying degrees (some overlapping) in the investigation of the explosion and inspection of the range and its component parts, subsequently prepared a report (dated August 8, 2008). That report described the investigations conducted by Donan Engineering and proffered three conclusions:

1. The origin of the fire was at the range's gas regulator;

2. The cause of the fire "is manufacturer's defect" [*sic*]; and

3. The fire should be classified as "accidental."

Later, after Mark Mulcahy, an expert witness hired by Dynamic Cooking Systems, and Thomas Crane, an expert witness hired by the manufacturer of one of the range's component parts, prepared expert reports, David Riggs prepared a written response (dated April 19, 2010), in which he stated two things:

1. If the measurements and data obtained from Mr. Crane's testing of an exemplar range are accurate, "then his conclusions of the failure mode and rebuttal of Mr. Mulcahy's report are consistent with the evidence and events surrounding the incident;" and

2. If Mr. Crane's findings are disproven by additional information, then "[i]t can still be concluded to a reasonable degree of engineering certainty that the cause and origin of the loss was internal to the DCS range" which is consistent with Donan Engineering's opinion that there existed a "manufacturer's deficiency."

Dynamic Cooking Systems now wants to exclude both Ms. Hewlett and Mr. Riggs from testifying as expert witnesses.

## II.

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court charged trial courts with acting as "gatekeepers" with respect to whether proffered expert testimony meets the requirements of Fed. R. Evid. 702. The party proffering the expert testimony bears the burden of

proving that Rule 702's requirements are met.

Dynamic Cooking Systems asserts that Ms. Hewlett should not testify at all because she does not have any opinion that would help the jury understand or decide any contested issue in the case, and because "at her deposition it became clear that the product-related opinions expressed in [Donan's] report were actually the opinions of David Riggs." Accepting those arguments as true, and assuming that by "product-related" Dynamic Cooking Systems means "alleged product defect," there is certainly cause for limiting Ms. Hewlett's testimony (*i.e.,* she may not opine about any putative defects in the manufacture or design of either the range or its regulator), but not for precluding her from testifying at all.

Ms. Hewlett was careful to note in her deposition testimony that her work and expertise pertain strictly to the determination of the origin and physical causes of fires, not to whether a particular product that may have caused a fire is or is not defective. While it appears that all parties and experts agree that the origin of the fire in this case was a regulator leak within the Dynamic Cooking Systems range, that does not mean that Ms. Hewlett's testimony would be of no benefit to the jury. Perhaps the parties will enter into certain stipulations prior to trial that will render her testimony unnecessary, but they have not yet done so.

As for Mr. Riggs, his testimony will also be limited, but there is no basis for a blanket preclusion. He may not adopt another expert's opinions wholesale (particularly those of Thomas Crane, who has been precluded from offering expert testimony in this matter), but may testify about his investigation, data and evidence gathered, and his own opinions that are supported by more than speculation (*e.g.*, that the cause and origin of the fire was internal to the range). Although his limited testimony may be no more sufficient to withstand a dispositive motion on

-3-

the issue of product liability than Mr. Mulcahy's were, no such motion is pending, and the court does not wish to prematurely express any opinion on such a possible motion.

**III.**

For the reasons stated above, the court will grant Dynamic Cooking Systems motion in part, and deny it in part, by separate order entered concurrently with this memorandum opinion. In the meantime, counsel for the parties shall jointly contact Kathy Pritchard, at 502-625-3930, to schedule a telephonic status conference.

DATE:

cc: counsel of record